ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

UMEKA TREYMANE MYERS

NO.
3-22CR0169-N

## FACTUAL RESUME

In support of Umeka Treymane Myers' plea of guilty to the offense in Count One of the Information, Umeka Myers, the defendant, Camille Knight, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information charging a violation of 18 U.S.C. § 666(a)(1)(A), that is, theft concerning programs receiving federal funds, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First:*   That the defendant was an agent of Dallas County, Texas;

*Second:*  That Dallas County, Texas was an organization of local government that received in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance;

*Third:*   That the defendant embezzled, stole, obtained by fraud, property that was under the care, custody, or control of Dallas County, Texas; and

---

[1] Fifth Circuit Pattern Jury Instruction 2.33A (5th Cir. 2019).

Factual Resume—Page 1

*Fourth*:       That the property had a value of $5,000 or more.

## STIPULATED FACTS

1. The defendant agrees that the following facts are true and correct and that her testimony at any trial would reflect the same.

2. Beginning in early 2018 to in or around March 2021, in the Dallas Division of the Northern District of Texas, the defendant, Umeka Treymane Myers, unlawfully, willfully, and knowingly appropriated property, to-wit, debit cards totaling at least $250,000.00, with the intent to deprive the owner, Dallas County, Texas, of property that was under the care, custody, and control of Dallas County, while she was an agent of Dallas County at the time of the offense and the property appropriated came into the defendant's possession by virtue of her status as an agent, in violation of 18 U.S.C. § 666(a)(1)(A).

3. Myers admits that she committed this offense in the Inmate Property Vault at the Dallas County Sherriff's Department (DCSD) Lew Sterrett Justice Center (LSJC), a jail in the City of Dallas, Dallas County, Texas. Myers worked for DCSD for 26 years and specifically worked in the LSJC Inmate Property Vault as a supervisor during the time of the offense.

4. When an inmate was released from LSJC, the inmate received the remaining balance of their funds by cash or debit card. If the inmate's account contained more than $30, the inmate received the balance on a debit card. LSJC used the Dallas County Secure Release Program to issue debit cards when inmates were released. Keefe

Group provided the software used to run the Dallas County Secure Release Program, and Rapid Financial Services provided the debit cards.

5. When a DCSD Inmate Property Vault employee made an error while processing a debit card, a debit card error message appeared. Only a lead clerk or supervisor, such as Myers, could clear the error. Once the error was cleared, the correct amount could be re-entered on the debit card.

6. Myers had the authority to override debit card error messages because she was a supervisor and in a position of trust. Dozens of debit cards were confirmed to be fraudulently issued and used by Myers. In addition, Myers utilized other employee logons in furtherance of the fraud scheme.

7. Myers used released inmates' book-in numbers to create new and duplicate debit cards after overriding a debit card error. Myers then entered the same amount from the card issued to the released inmate on to the newly created debit card.

8. A review of surveillance footage, personal bank records, casino records, travel records, and Facebook records revealed dozens of fraudulently issued debit cards were used by Myers. DCSD records indicated the debit cards were issued after a debit card error message was overridden. The debit card funds were withdrawn from the Inmate Trust Fund that Dallas County controlled.

9. LSJC Inmate Property Vault surveillance footage revealed debit cards were fraudulently issued by Myers. Additionally, Bank of America ATM surveillance footage, Winstar, Choctaw, and Margaritaville casino records, Myers' personal bank records, and Southwest Airlines travel records revealed Myers used these debit cards in Texas,

Louisiana, New York, Maryland, and Nevada. In summary, Myers admits that she used these fraudulently issued debit cards, as illustrated by the above described records and video footage, totaling more than $250,000.00.

10. Myers agrees that, according to Dallas County records for the fiscal years beginning on October 1, 2017, October 1, 2018, October 1, 2019, and October 1, 2020, Dallas County received federal benefits, including grants, in excess of $10,000 for each fiscal year.

11. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this 20th day of APRIL, 2022.

_____
UMEKA MYERS
Defendant

_____
CAMILLE KNIGHT
Attorney for Defendant

CHAD E. MEACHAM
United States Attorney

_____
MARCUS BUSCH
Assistant United States Attorney
Texas Bar No. 03493300
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: (214) 659-8600
Fax: (214) 659-8809
Email: marcus.busch@usdoj.gov

Factual Resume—Page 4